# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | | |
|---|---|---|
| WAVE DIGITAL ASSETS, LLC, | ) | |
| | ) | Case No. 25-928 |
| Plaintiff, | ) | |
| | ) | Judge Tapp |
| v. | ) | |
| | ) | ▬▬▬▬▬▬▬ |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COMMAND SERVICES & | ) | |
| SUPPORT, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

## DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant-Intervenor Command Services & Support, Inc. ("CMDSS") submits this opposition to Plaintiff Wave Digital Assets, LLC's ("Wave") motion for reconsideration.  As is fully discussed herein, Wave cannot meet the high standard necessary to grant reconsideration, as Wave fails to provide any new evidence, to demonstrate the need to prevent manifest injustice or to present legally supportable arguments.  Contrary to Wave's assertion, CMDSS has not engaged in a "bait and switch" to replace ▬▬▬▬▬ as Project Manager for the United States Marshals Service ("USMS") contract, as ▬▬▬▬▬ has been since contract inception and remains the contract's Project Manager.  Further, Wave's arguments regarding alleged utilization of John Daghita and ▬▬▬▬▬ in support of the USMS contract concern matters of contract

administration, which are beyond the scope of the Court's protest jurisdiction.  For these reasons, CMDSS respectfully requests the Court to deny Wave's motion for reconsideration.

## I.    LEGAL STANDARD

This Court has noted that "[t]he standard for reconsideration is high."  *Gardens v. United States*, 2025 U.S. Claims LEXIS 2485 at *4 (Sept. 5, 2025).  In *Gardens*, this Court stated that "[a] moving party must demonstrate one of three circumstances":

> First, that an intervening change in the controlling law occurred. Second, that previously unavailable evidence has become available.  Or third, the catchall – that the motion is necessary to prevent "manifest injustice."  A "manifest injustice" is an "injustice that is apparent to the point of almost being indisputable."

*Id*. (quoting *Lone Star Indus., Inc. v. United States*, 111 Fed. Cl. 257, 259 (2013)) (citations omitted).  With respect to newly discovered evidence, "[e]vidence put forward by a party as 'newly discovered evidence' sufficient to justify a motion for reconsideration must be evidence which 'could not have been discovered by the exercise of due diligence prior to the rendition of the initial decision' challenged by the moving party."  *Ingham Reg'l Med. Ctr. v. United States*, 155 Fed. Cl. 1, 10 (2021) (quoting *Girault v. United States*, 133 Ct. Cl. 135, 140 (1955)).  With respect to a claim of manifest injustice, "[a] motion for reconsideration on the ground of a need to correct clear error or prevent manifest injustice is only appropriate 'where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension.'"  *Id*. at 11 (quoting *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010)).  "Where a party seeks reconsideration on the ground of need to correct clear error or manifest injustice, it cannot prevail 'unless it demonstrates that any

injustice is "apparent to the point of being indisputable."'" *Id*. (quoting *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010)).

## II.    ARGUMENT

### A.    CMDSS Did Not Engage in a "Bait and Switch" of the Contract's Project Manager

Wave erroneously argues that CMDSS engaged in a "bait and switch" by replacing CMDSS's Project Manager ▮▮▮▮▮▮ with John Daghita.  Wave's assertion fails because ▮▮▮▮▮▮ has been the Project Manager during the entirety of performance of the USMS contract and continues to be the contract's Project Manager.  *See* Declaration of ▮▮▮▮▮▮ ("▮▮▮▮ Decl.") ¶ 3.  As Wave notes in its motion, a moving party must meet four elements to demonstrate a "bait and switch" of contract personnel:

> (1)  The awardee represented in its proposed that it would rely on certain specified personnel in performing the services; (2) the agency relied upon this representation in evaluating the proposal; (3) it was foreseeable that the individuals named in the proposed would not be available to perform the contract work; and (4) personnel other than those proposed are performing services.

Motion for Reconsideration ("Motion") at 5-6 (quoting *Conley & Assocs. v. United States*, 142 Fed. Cl. 177, 182 (2019)).

In its motion, Wave asserts that CMDSS "placed" John Daghita in the role of Project Manager, replacing ▮▮▮▮▮▮, who was proposed for the position in CMDSS's proposal. Motion at 4.  Wave's assertion is incorrect.  As reflected in his declaration, ▮▮▮▮▮▮ has acted as the Project Manager for the USMS contract during its entire period of performance, and at no point has anyone other than ▮▮▮▮▮▮ acted as Project Manager.  ▮▮▮▮ Decl. ¶¶ 3-4. Wave bases its assertion upon an affidavit in an unrelated criminal case, noting that "the Affidavit observes that [John Daghita] was 'the project lead for handling the virtual currency assets received from USMS' and further acted as a point of contact with USMS, which is

3

reserved for the role of Project Manager under the PMS." Motion at 7. Nowhere in the affidavit filed in the criminal action is John Daghita identified as "Project Manager" for the USMS contract, and as reflected in his declaration, ███████████ has served as the point of contact for USMS contracting officials. ███████ Decl. ¶ 3. The court has held that where a party fails to demonstrate that a "switch" in personnel has occurred, its "bait and switch" argument cannot prevail. *See L-3 Global Comms. Sols., Inc. v. United States*, 82 Fed. Cl. 604, 612 (2008 (stating that "one common element to decisions invalidating contract awards involving a 'bait and switch' is that a 'switch' must have occurred and the 'switch' must have been accepted by the government agency procuring the services"); *Protection Strategies, Inc. v. United States*, 76 Fed. Cl. 225, 235 (2007) ("However, contrary to plaintiff's allegation that PAI Corporation did not deliver Mr. Weatherby and Mr. McKnight, the evidence before the court demonstrates that Mr. Weatherby and Mr. McKnight are performing as Vulnerability Assessment Manager and Site Safeguards and Security Plan Manager, respectively. Thus, plaintiff failed to prove that a bait and switch occurred."). Because ███████████ continues to perform in the role of Project Manager for the USMS contract, the Court should reject Wave's "bait and switch" argument.

**B.    Wave's Arguments Regarding the Performance by John Daghita and ██████ ████████ Concern Matters of Contract Administration**

Wave's remaining arguments – that any support provided by John Daghita violated the USMS contract's performance work statement and that CMDSS misrepresented the role of ██████ ███████ – involve issues of contract administration and are outside the scope of the Court's protest jurisdiction. Wave argues that "CMDSS' team included an individual who could not possibly meet the very qualifications required in the PWS for this procurement" and "CMDSS . . . made a misrepresentation regarding its planned subcontractor usage for the Contract." Motion at 9-10. In essence, Wave argues that CMDSS has violated the USMS contract by hiring

4

someone who does not meet the contract's performance work statement and failing to engage a teaming partner as a subcontractor.  The court has rejected similar arguments regarding the offeror's compliance with solicitation requirements as matters of contract performance that are beyond the scope of the court's protest jurisdiction.  "Where an offeror has certified that it meets the technical requirements of a proposal, the Contracting Officer is entitled to rely on such certification in determining whether to accept a bid, and the offeror's potential failure to comply with the proposal requirements is ordinarily 'a matter of contract administration,' which does not go to the propriety of accepting the bid."  *Allied Tech. Group, Inc. v. United States*, 649 F.3d 1320, 1330 (Fed. Cir. 2011) (quoting *Centech Grp., Inc. v. United States*, 554 F.3d 1029, 1039 (Fed. Cir. 2009)); *see also Huffman Bldg. P, LLC v. United States*, 152 Fed. Cl. 476, 485 (2021) ("This Court has consistently held that 'matters of contract administration – including matters of contract performance – fall beyond the Court's bid protest jurisdiction.'" (quoting *Reylant Global, LLC v. United States*, 146 Fed. Cl. 817, 823 (2020)); *Nilson Van & Storage, Inc.*, B-310485, 2007 CPD ¶ 224 (Dec. 10, 2007) (holding that assertion that awardee's president failed to meet PWS requirements on criminal convictions "is plainly a matter of contract administration"); *Trace Sys.*, B-422056.9, 2025 CPD ¶ 85 (Mar. 12, 2025) (rejecting argument regarding alleged use of subcontractor as contract administration issue).

Here, CMDSS complied with the underlying solicitation's requirements with respect to key personnel (which included CMDSS proposing ▮▮▮▮▮▮ as Project Manager) and teaming agreements.  *See* AR 139 (solicitation key personnel provision), 140 (solicitation teaming agreement provision), 1383-89 (CMDSS proposal key personnel resumes), 1404-26 (CMDSS proposal teaming agreements).  In its motion for reconsideration, Wave does not challenge the agency's evaluation of CMDSS's compliance with these requirements; instead, its

arguments focus on CMDSS's post-award actions related to contract personnel and subcontractors.  Motion at 8-10.  Because these arguments fall squarely within the realm of contract administration, the Court should reject them as outside the scope of its protest jurisdiction.

## III.  CONCLUSION

For the reasons set forth above, Command Services & Support, Inc. respectfully requests the Court to deny Wave's motion for reconsideration.

Respectfully submitted,

              s/Francis E. Purcell, Jr.

Francis E. Purcell, Jr, Esq.
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, D.C.  20036-1600
(202) 263-4118 (office)
(202) 331-8330 (facsimile)

Attorney of Record for Command Services & Support, Inc.

Of Counsel:
Joseph R. Berger, Esq.
Amaiya Johnson, Esq.
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, D.C.  20036-1600
(202) 331-8800 (office)
(202) 331-8330 (facsimile)


Dated:  June 29, 2026

## **CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that on this 29th day of June, 2026, I caused a true copy of the foregoing Defendant-Intervenor's Opposition to Plaintiff's Motion for Reconsideration to be served, via the Court's electronic filing system, on the parties of record in this matter.

    s/Francis E. Purcell, Jr.