# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

WAVE DIGITAL ASSETS, LLC,       )

       Plaintiff,          )

v.          )

THE UNITED STATES,       )

       Defendant,         )

and         )

COMMAND SERVICES &
SUPPORT, INC.,        )

       Defendant-Intervenor.   )

REDACTED VERSION

No. 25-928 C

(Judge Tapp)

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to the Court's June 15, 2026 order, and Rule 59(f) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this opposition to the motion for reconsideration (ECF No. 70) of the Court's May 13, 2026 sealed opinion and order (ECF No. 65), denying the motion for judgment on the administrative record filed by plaintiff, Wave Digital Assets, LLC (Wave).

Reconsideration is not warranted. Wave's alleged basis of manifest injustice falls well short of the required showing of extraordinary circumstances that justify relief. Although the post-award alleged criminal conduct of John Daghita, an employee of the awardee, Command Services & Support, Inc. (CMDSS or awardee) is a serious matter, those allegations remain under active investigation and have not implicated CMDSS. Contrary to this Court's characterization, we respectfully assert that the United States Marshals Service (USMS or

agency) is not "refus[ing] to act" in response "to the seriousness of the events unfolding around the award." ECF No. 65 at 2. Rather, due to the seriousness of the events alleged, the agency finds it necessary to ensure any decisions related to the contract must be made based on a full and complete investigation. The unauthorized post-award alleged criminal conduct of an employee of the awardee, does not necessarily mean that the agency should take corrective action to undo a legitimate award. Nevertheless, the basis for Wave's motion for reconsideration involves a matter of contract administration outside this Court's bid protest jurisdiction under 28 U.S.C. §1491(b). Wave's motion for reconsideration based on alleged manifest injustice should therefore be denied.

## ARGUMENT

### I.      Standard of Review

A motion for reconsideration under RCFC 59 is addressed at the discretion of the Court. *See Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). In applying this discretion, the Court must balance "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1379 (Fed. Cir. 2003) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)).

Motions for reconsideration that seek to amend the judgment of the Court require "a showing of extraordinary circumstances which justify relief." *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300; *Wolfchild v. United States*, 101 Fed. Cl. 92 (2011). These extraordinary circumstances are generally described as: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest

injustice." *Wolfchild*, 101 Fed. Cl. at 96 (quoting *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010). This is because "once a final judgment has been entered, a motion to reconsider that judgment 'seeks a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment.'" *Id.* at 95 (quoting *Maxus Energy Corp. & Subsidiaries v. United States*, 31 F.3d 1135, 1139 (Fed. Cir. 1994)). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Englewood Terrace L.P. v. United States*, 86 Fed. Cl. 720, 725 (2009) (internal citation and quotation omitted).

## II.    Wave Fails to Demonstrate That Its "Bait-And-Switch" Argument Is Indisputable and Therefore Fails to Support the Extraordinary Circumstances Necessary to Justify Reconsideration

Wave's motion for reconsideration largely recasts the arguments previously presented by the parties and decided by the Court's May 13, 2026 sealed opinion and order, ECF No. 65. Its "bait-and-switch" argument asserting that "a showing of satisfactory evidence that a fraud has been done," ECF No. 67 at 5, is simply unsupported. As we previously indicated, the alleged theft of cryptocurrency by an employee of CMDSS—not CMDSS—remains under investigation, and has not been imputed to CMDSS. ECF No. 64. Consequently, it is premature for the agency to take corrective action until a final investigation is completed.

In its motion, Wave contends that CMDSS engaged in a "bait-and-switch" in its proposal by using its Project Manager, ██████, as "bait" to switch John Daghita as the actual Project Manager. ECF No. 67 at 5-8. Its "satisfactory evidence," however, is no evidence at all. As Wave acknowledges, to prove that a "bait-and-switch" occurred requires four elements:

3

> (1) The awardee represented in its proposal that it would rely on certain specified personnel in performing the services; (2) the agency relied on this representation in evaluating the proposal; (3) it was foreseeable that the individuals named in the proposal would not be available to perform the contract work; and (4) personnel other than those proposed are performing services.

ECF No. 67 at 5-6 (citing *Conley & Assocs., Inc. v. United States*, 142 Fed. Cl. 177, 182 (2019)). But Wave fails to establish there was either a "bait" or "switch" because CMDSS indeed provided specified personnel namely, ███████████, as the Project Manager, who remained the Project Manager throughout contract performance. ECF No. 71-1, ██████ Decl. ¶¶ 3-4. Wave's assertion that "CMDSS clearly planned to have John Daghita serve in the role of Project Manager for the Contract" is simply Wave's characterization of its case that is unsupported by the record. ECF No. 67 at 7; *see also id*. at 3 (inferring John Daghita served as Project Manager because he undertook "an action that corresponds to the role of the Project Manager").

Moreover, the case relied upon by Wave, *Conley & Assocs., Inc.*, is readily distinguishable. Unlike this case, the agency there concluded that a misrepresentation had occurred because the awardee could *not* produce an individual that it had proposed. 142 Fed. Cl. at 179. Here, Wave does not even allege that CMDSS could not produce the personnel relied upon in CMDSS' proposal, AR1383-89, because CMDSS had produced those personnel to include ███████████ as the Project Manager. ECF No. 71-1, ██████ Decl. ¶¶ 3-4. Therefore, neither a "bait" nor a "switch" is supported by the administrative record or by the record filed in a criminal action that is not against CMDSS. Wave's allegations of manifest injustice therefore cannot be described as indisputable. *Englewood Terrace L.P.*, 86 Fed. Cl. at 725. Accordingly, Wave's motion for reconsideration must be denied.

### III.    CMDSS' Use of Qualified Personnel or Subcontractors During Contract Performance Is a Matter of Contract Administration That Is Outside This Court's Jurisdiction

As this Court has already highlighted, "the distinction between the Court's protest jurisdiction and contract administration is plain," ECF No. 65 at 23. Here, Wave's challenge to the qualification of John Daghita as a "qualified personnel," ECF No. 67 at 9, does not actually violate an evaluation criteria, but instead reflects a post-award compliance issue that is plainly a matter of contract administration. AR142-144, AR165-166. As an initial matter, the record does not indicate that CMDSS represented it would rely on John Daghita as either a "qualified personnel" much less as a "key personnel," AR1360-61, AR1383-89, nor did the terms of the solicitation require the agency to evaluate John Daghita's qualification or level of experience as a basis for CMDSS's evaluation rating. AR142-144, AR165-166. Consequently, any alleged violation of John Daghita's qualifications to perform contract requirements is a matter of contract administration that is outside this Court's bid protest jurisdiction under 28 U.S.C. §1491(b). *See Allied Tech. Grp., Inc. v. United States*, 649 F.3d 1320, 1330 (Fed. Cir. 2011) ("Where an offeror has certified that it meets the technical requirements of a proposal, the Contracting Officer is entitled to rely on such certification in determining whether to accept a bid, and the offeror's potential failure to comply with the proposal requirements is ordinarily 'a matter of contract administration,' which does not go to the propriety of accepting the bid."); *Gov't Tech. Servs. LLC v. United States*, 90 Fed. Cl. 522, 527 (2009) (explaining that the Contract Disputes Act provides the "exclusive mechanism" for resolving disputes arising in contract management).

Likewise, CMDSS' post-award decision on whether to execute a subcontract with ▮▮▮ ▮▮▮ is a matter of contract administration. The teaming arrangement included in CMDSS'

proposal itself indicates that a subcontract was contemplated, but not guaranteed.  AR1405 ("the Parties will engage in good faith negotiations *towards entering* into a subcontract") (emphasis added).  The agency's acknowledgement that CMDSS' teaming arrangement was compliant, AR2079, therefore does not mean the agency relied on a misrepresentation as Wave contends.  ECF No. 67 at 9-10.  A teaming arrangement was not even required under the solicitation.  AR144.  Moreover, the post-award communications between Wave and ▓▓▓▓▓▓ that indicate CMDSS "chose not to avail our services," ECF No. 67 at 10, are unnecessary for effective judicial review and should therefore be disregarded.  *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009).  CMDSS was under no obligation to enter into a contract with ▓▓▓▓▓▓ nor did it promise to do so in its proposal.  Clearly, there was neither a "bait" nor a "switch" as Wave contends.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Wave's motion for reconsideration.

<div style="margin-left:50%">

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

</div>

Of Counsel:

<div style="margin-left:50%">

 s/ Elinor J. Kim
ELINOR J. KIM

</div>

C. JOSEPH CARROLL
Senior Associate General Counsel
U.S. Marshals Service
CG3, 15th Floor
Washington, DC 20530-0001

<div style="margin-left:50%">

Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480

</div>

Ben Franklin Station
Washington, D.C.  20044
Tel.:      (202) 616-0344
Fax:      (202) 307-0972
E-mail:  Elinor.J.Kim@usdoj.gov

July 16, 2026                    *Attorneys for Defendant*